

**ORDERED in the Southern District of Florida on December 03, 2010.**

                                                             *Paul G. Hyman, Chief Judge*
                                                             United States Bankruptcy Court

___

```
             UNITED STATES BANKRUPTCY COURT
              SOUTHERN DISTRICT OF FLORIDA
                WEST PALM BEACH DIVISION

In re:                              CASE NO.:08-26059-BKC-PGH

MICHAEL F. ARANDA,                  CHAPTER 7

     Debtor.
_____/
```

**MEMORANDUM ORDER GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT IN PART, AND DENYING THE TRUSTEE'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** came before the Court on September 15, 2010, upon Michael Aranda (the "Debtor") and Tonya Aranda's ("Mrs. Aranda") (collectively, the "Arandas") *Motion for Summary Judgment Concerning Objections to Exemption* (the "Arandas' Motion"), and the *Response and Cross-Motion for Summary Judgment* (the "Cross-Motion") by Michael Bakst (the "Trustee"). The subject of the Arandas' Motion and the Cross-Motion is the Debtor's claim of exemption in

a residence located in Jupiter, Florida (the "Residence").[1] The Motion seeks an order overruling objections to the Debtor's claim of exemption by the Trustee, Seacoast National Bank ("Seacoast"), and National City Bank ("National"). For the reasons set forth below, the Court herewith grants the Motion in part and overrules the Cross-Motion.

## BACKGROUND[2]

The Arandas acquired the Residence on September 5, 2001, titling the Residence in the name of Asterix Luxury Homes, Inc. ("Asterix"). Between February 3, 2003 and April 5, 2007, the Residence was the subject of five conveyances between the Arandas and two of their business entities. In 2003, Asterix conveyed the Residence to the Arandas as husband and wife. In 2004, the Arandas conveyed the Residence to Aranda Ventures, Ltd. ("Aranda Ventures"). Subsequently, Aranda ventures executed the three deeds at issue in this case. On November 10, 2005, Aranda Ventures conveyed the Residence to the Arandas by quitclaim deed ("Deed 5"), as "Husband and Wife, as joint tenants with right of survivorship and as tenants in common." On December 19, 2006, Aranda Ventures

---

[1] The Residence was sold pursuant to the Court's *Order Granting Debtor's Expedited Motion for Authority to Sell Real Property* (D.E. 338). That Order preserved all exemption claims to the Residence and it proceeds, as well as applicable objections. This Order shall refer to the proceeds as the "Residence" for ease of reference.

[2] The Background references the parties' November 15, 2010 *Joint Stipulation of Facts*, and other documents filed in this case, of which the Court takes judicial notice.

recorded another quitclaim deed ("Deed 6"), conveying the Residence to the Arandas as "tennants [sic] by the entirety[.]" Finally, on April 5, 2007, Aranda Ventures recorded a corrective deed ("Deed 7"), conveying the Residence to the Arandas as "husband and wife, as tenants by the entirety[.]"

The Debtor filed a Chapter 11 bankruptcy petition on October 28, 2008 (the "Petition Date"), which was later converted to a case under Chapter 7. On Schedule C, the Debtor claimed the Residence as exempt homestead under Article X, Section 4 of the Florida Constitution, stating zero as the amount of the exemption. The Debtor also claimed the Residence as exempt tenancy by the entireties ("TBE") property, stating $1,200,000.00, the full value of the Residence, as the amount of the exemption.[3]

The Trustee objected, arguing that the Debtor's claim of exemption in the Residence should be reduced pursuant to 11 U.S.C. § 522(o) and (p). In the Cross-Motion, the Trustee asserted that Deeds 5, 6, and 7 failed to transfer title of the Residence to the Arandas as TBE, and that if the Arandas intended to take title as TBE, they were required to file a reformation action to correct Deed 5. The Trustee also objected to the TBE exemption to the extent the Arandas have joint debts. Regarding the Debtor's homestead exemption, the Trustee argued that § 522(o) and (p)

---

[3] On Schedule C, the Debtor asserted that the Residence was exempt under *In re Avins*, 19 B.R.736 (S.D. Fla. 1982), which stands for the proposition that "Florida recognizes estates by the entireties and exempts such property from the claims of creditors of an individual spouse."

3

provide a basis for limiting the homestead exemptions of both the Debtor and Mrs. Aranda, despite the fact that Mrs. Aranda is a non-debtor. Finally, the Trustee asserted that the Debtor is only entitled to an exemption of zero, because that is the value the Debtor placed on his homestead exemption in Schedule C.

National and Seacoast filed similar objections. In addition to the arguments set forth by the Trustee, National asserted that the proceeds of the Residence are not exempt to the extent to the Debtor fails to use those proceeds to acquire new homestead. Additionally, Seacoast objected to the extent the Debtor used nonexempt funds to pay the mortgage on the Residence within one year of the Petition Date. However, neither Seacoast nor National responded to the Arandas' Motion.

## **CONCLUSIONS OF LAW**

**I.   Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**II.  Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). "In determining whether a genuine question of material fact exists, the Court must consider all evidence in the light most favorable to the non-movant." *Pilkington v. United Airlines, Inc.*, 921 F. Supp. 740, 744 (M.D. Fla. 1996). In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied*, 480 U.S. 932 (1987) (*citing Anderson*, 477 U.S. at 248). "Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts . . . If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999).

5

**III. Section 522(o) and (p) Do Not Apply Because the Arandas Owned the Residence as Tenants by the Entirety**

*A.    Section 522(o) and (p) Do Not Apply to TBE Property*

Section 522(o)[4] and (p)[5] provide a trustee with grounds to object to a debtor's homestead exemption claim and, if successful, decrease the amount that a debtor may claim as exempt.  Both subsections apply only to exemptions claimed under § 522(b)(3)(A), which allows general state law exemptions.  *See In re Hinton*, 378 B.R. 371, 380 (Bankr. M.D. Fla. 2007).  Neither subsection applies to an exemption claimed under § 522(b)(3)(B), which specifically "addresses exemptions based on tenancy by the entireties ownership."  *Id.*  Thus, "Congress drafted 522(o) in such a way that it only applies to a claim of exemption under homestead and clearly leaves the tenancy by the entireties exemption intact."  *In re*

---

[4] 11 U.S.C. § 522(o) states in pertinent part that:
For purposes of subsection (b)(3)(A), and notwithstanding subsection (a), the value of an interest in . . .

   (4) real or personal property that the debtor or dependent of the debtor
   claims as a homestead;

shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

[5] 11 U.S.C. § 522(p) states in pertinent part that:
Except as provided in paragraph (2) of this subsection and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $146,450.00 in value in . . .

   (D) real or personal property that the debtor or dependent of the debtor
   claims as a homestead.

6

*Davis*, 403 B.R. 914, 919 (Bankr. M.D. Fla. 2009) (*citing Hinton*, 378 B.R. 380-81). The same is true of § 522(p). *Id.* (*citing In re Buonopane*, 359 B.R. 346 (Bankr. M.D. Fla. 2007)). As such, whether subsections (o) and (p) provide a basis for objecting to the Debtor's claim of exemption depends on whether the Arandas owned the Residence as TBE property "immediately before the commencement of the case." § 522(b)(3)(B).

*B.   Standard of Proving TBE Ownership Under Florida law*

"The nature of a bankrupt's interest in property is determined by state law." *In re Sinnreich*, 391 F.3d 1295, 1297 (11th Cir. 2004) (*citing Butner v. United States*, 440 U.S. 48, 55 (1979)). "In Florida, when a husband and wife acquire real property it is presumed to be held by the husband and wife as TBE. In fact, unless there is a clear demonstration of the intent to create another form of ownership, the law presumes that real property owned by husband and wife is held as TBE." *Brooks v. Mitchell (In re Mitchell)*, 344 B.R. 171, 174 (Bankr. M.D. Fla. 2006) (*citing In re Hendricks*, 237 B.R. 821, 824 (Bankr. M.D. Fla. 1999)) (citations omitted). This presumption shifts the burden to the creditor to "prove by the preponderance of the evidence that one of the necessary unities . . . did not exist" when the spouses acquired the property at issue. *Cacciatore v. Fisherman's Wharf Realty Ltd. P'ship,* 821 So.2d 1251, 1255 (Fla. 4th DCA 2002) (finding that the words "with right of survivorship" are not required to create a

presumption of TBE ownership; "[r]ather, the presumption arises from taking title in the spouses' joint names"). The necessary unities are: "(1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names)". *Beal Bank, SSB v. Almand and Assocs.*, 780 So. 2d 45, 52 (Fla. 2001).

*C.   Deed 5 Conveyed the Residence to the Arandas as TBE Property*

The Arandas assert that they owned the Residence as TBE property immediately before the commencement of the case. In affidavits the Arandas filed to support their Motion (the "Aranda Affidavits"), the Arandas state that: (1) their accountant prepared Deed 5 without any instruction from the Arandas, taking it upon himself to identify the grantees as "Husband and Wife, as joint tenants with right of survivorship and as tenants in common"; (2) from the time they executed Deed 5, the Arandas intended to own the Residence together as a married couple, and to occupy the Residence as their home; (3) the Arandas executed Deeds 6 and 7 to clarify their intent regarding their ownership of the Residence; and, (4) the Arandas always intended to own the Residence together as tenants by the entirety, such that one could not sell the Residence

8

without the other's consent.  Exs. A and B (D.E. 412).

The Trustee, on the other hand, maintains that Deed 5 on its face did not convey the Residence to the Arandas as TBE.  Instead, the Trustee asserts that Deed 5 expressly provides for ownership as either joint tenants with the right of survivorship or tenants in common.  The Trustee maintains that if the Arandas intended to own the Residence as TBE property, then the Arandas were required to correct Deed 5 through a reformation action. Moreover, the Trustee argues that the Arandas cannot now reform Deed 5 due to the Trustee's status as a bona fide purchaser under 11 U.S.C. § 544(a)(3), and the protections afforded that status under Florida law.  *See Burleson v. Brogdon*, 364 So. 2d 491, 494 (Fla. 1st DCA 1978) (reformation of a deed "will not be granted if it appears that the rights of bona fide and innocent purchasers will be prejudiced.").

Despite the Trustee's assertion, Deed 5 does not clearly provide for ownership as either joint tenants with right of survivorship or tenants in common.  On the contrary, the reference to both joint tenancy and tenancy in common in Deed 5 is ambiguous, as the Arandas could not simultaneously own the Residence as joint tenants and tenants in common.  *See Beal Bank*, 780 So. 2d at 52-53 (discussing distinction between joint tenancies and tenancies in common).  Furthermore, Deed 5 conveyed the Residence to the Arandas jointly, which is sufficient to vest title in the Arandas as

9

tenants by the entirety. *Id.* at 54; *see also Cacciatore*, 821 So.2d at 1255. In light of the ambiguous references contained in Deed 5 to joint tenancy, tenancy in common, and to the Arandas taking as husband and wife, Deed 5 "does not clearly demonstrate that the Debtor and [his wife] intended to create a form of ownership other than tenancy by the entireties." *Mitchell*, 344 B.R. at 174.

Absent a clear statement of contrary intent, Florida law presumes the Arandas acquired the Residence as TBE property. That presumption places the burden on the Trustee to prove that the Residence is not TBE property. The Trustee, however, failed to offer any evidence indicating that the Arandas intended to create a form of ownership other than TBE, or that one of the six requirements for TBE ownership was not satisfied when the Arandas executed Deed 5.

Instead, the Trustee argues that if the Arandas intended Deed 5 to transfer title to the Arandas as tenants by the entirety, the Arandas should have filed a reformation action to clarify the deed's ambiguity. However, the Trustee cites no authority indicating that the relief the Arandas seek in this case, a determination that the Residence is exempt TBE property, can only be achieved through reformation. On the contrary, Florida case law indicates that a court may construe a deed's ambiguous terms to determine the intent of the parties, and that this relief is not restricted to a reformation action. *See, e.g., Nourachi v. United*

*States*, 655 F. Supp. 2d 1215 (M.D. Fla. 2009) (in quiet title action, a court "may consider the situation of the property and of the parties, and the surrounding circumstances" to determine intent); *Killearn Homes Ass'n, Inc. v. Visconti Family Ltd. P'ship*, 21 So.3d 51 (Fla. 1st DCA 2009) (in action to enforce deed restriction, trial court erred by not "looking at the language of the restriction as a whole and allowing extrinsic evidence to ascertain the purpose and intent" of the restriction); *Merriam v. First Nat'l Bank of Akron, Ohio*, 587 So. 2d 584 (Fla. 1st DCA 1991) (in action seeking injunction, plaintiffs were entitled to present extrinsic evidence to determine whether parties intended deed to create an easement); *Behm v. Saeli*, 560 So. 2d 431 (Fla. 5th DCA 1990) (in a declaratory action, "a court must look to the surrounding agreements and circumstances" to determine the intended purposes of an ambiguous term).  Construing an ambiguous term is appropriate so long as the deed at issue is not so vague that it is beyond interpretation.  *See Rice v. Rice*, 499 F. Supp. 2d 1245 (M.D. Fla. 2007) (blank deed invalid because construing it would require the court "to allow parol evidence to fill in virtually all required information").

As explained above, the references in Deed 5 to multiple forms of ownership is ambiguous.  Generally such an ambiguity creates an issue of fact not appropriate for disposal on summary judgment.  *See Killearn Homes*, 21 So.3d at 53.  In this case, however, Florida

law construes the ambiguity in favor of TBE ownership.  *Beal Bank*, 780 So. 2d at 58-59; *Mitchell*, 344 B.R. at 174.  The Aranda Affidavits support this conclusion.  Because the Trustee failed to offer any evidence to satisfy his burden of proof, summary judgment is appropriate.  Therefore, the Court finds that Deed 5 transferred title of the Residence to the Arandas as tenants by the entireties.  As such, the Residence is exempt from the claims of all but the Arandas' joint creditors.  *Beal Bank*, 780 So.2d at 53 ("when property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property").

**IV.  The Trustee's Remaining Arguments Fail**

The Trustee's remaining arguments fail or are irrelevant because they are all premised on the assertion that Deed 5 did not transfer title to the Arandas as tenants by the entirety.  The Trustee asserts that Deeds 6 and 7 could not transform the Arandas' interest in the Residence to TBE.  This issue is irrelevant because Deed 5 successfully conveyed the Residence to the Arandas as TBE.  Next, the Trustee asserts that he may use § 522(o) and (p) to limit the homestead exemption of Mrs. Aranda, a non-debtor.  The Court need not resolve this issue, because it is clear that subsections (o) and (p) do not provide a basis for objecting to an exemption in TBE property.  The Trustee also asserts that the entire claim of exemption in the Residence should be denied because the Debtor

12

valued the exemption as zero on Schedule C. However, a review of Schedule C indicates that the Debtor assigned his homestead exemption a value of zero, and assigned his TBE exemption a value of $1,200,000.00. Because the Court finds that the Debtor is entitled to the TBE exemption, the Court need not determine the effect of a zero value in the Debtor's homestead exemption.

Finally, the Trustee asserts that the Court should not grant summary judgment in favor of the Debtor because the series of deeds between the Debtor and his business entities may have been attempts to convert non-exempt assets into exempt assets. Under Florida law, such efforts may be evidence that the Debtor intended to hinder, delay, or defraud creditors. *See* Fla. Stat. §§ 222.29 and 222.30. Generally, whether a debtor intended to defraud creditors cannot be determined on summary judgment. However, the objections at issue are based on § 522(o) and (p), not fraudulent transfer theories under Florida law. Because the Residence is exempt TBE property, § 522(o) does not apply even if the Debtor intended to hinder, delay, or defraud creditors. Thus, summary judgment in favor of the Debtor is appropriate. However, this Order is not a determination as to the Debtor's intent with respect to the conveyances at issue. Moreover, this Order is also not a determination as to whether the Debtor's actions relating to the transfers of the Residence between himself, Mrs. Aranda, and the Debtor's companies are otherwise actionable.

13

**CONCLUSION**

Because Deed 5 does not clearly express an intent to acquire the Residence in a form of ownership other than TBE, Florida law presumes the Arandas intended to create a tenancy by the entirety. Because the Trustee failed to offer any evidence to rebut this presumption, the Court finds that Deed 5 conveyed the Residence to the Arandas as TBE property. As such, § 522(o) and (p) are inapplicable, and Trustee's remaining arguments also fail.

**ORDER**

The Court, having reviewed the submissions of the parties, the applicable law, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Debtor's Motion is **GRANTED** in part. The Residence is owned by the Debtor and Mrs. Aranda as tenant by the entireties, and is exempt from the claims of all but joint creditors.
2. The Objections by the Trustee, Seacoast, and National are **SUSTAINED** to the extent the Arandas have joint debts, and are otherwise **OVERRULED**.
3. The Trustee's Cross-Motion is **DENIED**.

###

Copies Furnished To:

Bart Houston, Counsel for Debtor

Robert Furr, Counsel for Seacoast

Cheryl Thompson, Counsel for National

Michael Bakst, Counsel for Trustee

Cheryl Thompson, Counsel for National

Michael Bakst, Counsel for Trustee